UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANDRE PACE,
        Plaintiff

v.

MASSACHUSETTS DEPARTMENT OF
CORRECTION; THOMAS TURCO, former
Commissioner of the Department of correction, in
his official and individual capacities;
CAROL MICI, Commissioner of the
Department of correction, in her official
and individual capacities; STEVEN SILVA, former
superintendant of the SOUZA BARANOWSKI correctional Facility
In his official and individual capacities
STEVEN KENNEWAY superintendant of the SOUZA BARANOWSKI
correctional Facility In his official and individual capacities
Defendant's, c.o's, SALAMOAN, c.o. VAIIADE, c.o. MASHUKCA
c.o. BOIDUC, c.o. DAVUI, c.o. CHAPUT,

Jury Trial Demanded
Civil No.

PLAINTIFF'S COMPLAINT

Plaintiff Andre Pace for his complaint states as follows

INTRODUCTION

1. This is an action to recover monetary damages and
injunctive relief for grievous and irreparable personal
and emotional injury and physical permanent injury sustained
as an inmate in the custody of the Department of
corrections (hereinafter Doc). Plaintiff Mr. Andre Pace

2

Incarcerated in the custody of the Doc under the care and control of the defendant's who has and continue to subject the Plaintiff to cruel and unusual treatment and punishment because of the defendant's recless disregard for the Plaintiff health, and safety, that has caused the Plaintiff to suffer serious physical aswell emotional injury As a result of excessive force, Also creating and hostile enviorment's (Also sexual assault and abuse by acting with deliberate indifference, to these situation's when brought to the defendant's attention each of the individually name defendant's did violate the Plaintiff and replace constitutional right of the 8th amendment

of the U.S constitution the Plaintiff seek's compensatory damage's declaratory and injunctive relief for the deprivation of his right's as secured by the United States constitution, Laws and regulation's of the United States and the commonwealith of the Massachusetts the Plaintiff is seeking damages for mental anguish and stress

3

## JURISDICTION AND VENUE

This Action Arises under the constitution And laws of the united states this court has subject matter jurisdiction over All claims Arising under the united states Constitution 42 U.S.C. 1983. This court has jurisdiction over the Request For declaratory relief Pursuant To 28 U.S.C. 1331, 2201 And 2202 This court has supplemental jurisdiction over All state law claims under 28 U.S.C. 1367(A) Venue lies in the District of Massachusetts Pursuant To 28 U.S.C. 1391(b). The events giving rise To this Action in this District

4

PARTIES

Plaintiff Andre Pace (Mr. Pace) At Souzabaranowski (S.B.C.C.) is An inmate in the custody of the Massachusetts Department of Correction

The defendant Massachusetts Department of Correction [Doc] is A Political Subdivision of the Commonwealth of Massachusett, the Doc receives Federal Financial Assistance

Defendant Thomas Turco was the commissioner of the Department of corrections in the commonwealth of Massachusetts in 2016, Mr. Turco was ultimately Responsible For And controlled the care And custody of the Plaintiff And the operation And Actions of the Doc. He is being sued in his official And indivival capacities

Defendant Carol Mici is the current commissioner of the Department of Correction in the commonwealth of the Department of correction MS. Mici is ultimately Responsible For And controls the care And custody of the Plaintiff And the operation And Action of the Doc. She is being sued in her official And Individual capacities.

5

Defendant C.O. MASHAKCA is An officer of the MASSACHUSETTS Department of Correction (hereinAfter Doc.) Who Acted under color of law, And is sued in his individual And official capacities

Defendant C.O. SAIAMOAN is An officer of the MASSACHUSETTS Department of Correction hereinAfter D.o.C.) Who Acted under color of law And is sued in his individual And official capacities

Defendant C.O. Wallade is An officer of the the MASSACHUSETTS Department of Correction hereinAfter D.o.c.) Who Acted under color of law And is sued in his individual And official capacities

Defendant C.O. DAVUI is An officer of the MASSACHUSETTS Department of Correction. hereinAfter D.o.c.) Who Acted under color of law And is sued in his individual And official capacities

6

Defendant Steven Silva is the former superintendant of Souza Baranowski Correctional Facility (Hereinafter S.B.C.C.) Mr. Silva the superintendant was ultimately responsible for and controlled the care and custody of the Plaintiff while He was housed in the S.B.C.C. and the operation and action of the Souza Baranowski Correctional Facility he is being sued in his official and individual capacities

Defendant Steven Kenneway is the superintendant of Souza Baranowski Correctional (Hereinafter S.B.C.C.) Mr. Kenneway was ultimately responsible for and the controlled the care and custody of the Plaintiff while he was housed in the S.B.C.C. and the operation and action of the Souza Baranowski Correctional Facility he is being sued in his official and individual capacities

Defendant C.O. Chaput is and officer of the Massachusett Department of Correction (Hereinafter D.O.C.) Who acted under color of law and is sued in his individual and official capacities

7

DeFendAnt C.o. BolDuc is An oFFicer oF the
MASSAChuseTTS DepArTmenT oF Correction
(HereinAFTer Doc.) Who ActTed under color oF
LAw And is sued in his indiviUAl And
OFFiciAl CApAciTies

8

# STATEMENT'S OF FACT'S

my life And liberTy is And continue To be
PlAced in JeopArdy becAuse of my criminAl
conviction since 2009 As being A convicted
sex offender And serving my sentence AT
S.B.C.C. From every housing i WAS TO
EnTer And live the officers WorKing
Those uniTs gAve inmATe's deliberATe
FAlse informATion ThAT i WAS A convicted
child MolesTer For yeArs ive endured
This coming From officer's BecAuse iTs
PArT of life here AT S.B.C.C.

on or Around mArch 21, 2016 AT Around 5:30PM
I WAS Moved From H-1 housing uniT TO the
L-1 housing uniT Upon enTering ThAT uniT i
WAS meT by officers SAIAMOAn, And
VAllAde, Upon going To my Assigned cell i
could heAr And see officer's SAIAMOAN
And VAllAde cAlling me A child MolesTer in
A very loud And hosTile this conTinued
Every shifT They WorK while i WAS
In ThAT housing This WOuld cAuse
other inmATe's housed in ThAT uniT
To ThreATen me With bodily PhysicAl
HArm becAuse They heArd And WAS
Told by C.o's SAIAMOAN, And VAllAde,

9

I WAS A child molester this All cAme
And end When on April 20. 2016 While
Returning my food tray After lunch i WAS cut
In the left side of my face from behind
my bAck And inmAte who sAid he did not
Like child molester's during the AttAck
And AssAult the other inmAte's who
witness the incident began to Yell from
their cell to kill the child molester
I WAS then TAken to medicAl unit
HSU, then i WAS plAced on suicide
WATch becAuse i WAS feeling suicidAl

After the suicide WATch i WAS TAken
To the segregAtion unit confined 24 hours
A dAy then upon being releAsed from this
unit i WAS plAced in H-1 where i remAined
untill June 21. 2016 While housed in
this unit C. O. mAshAk CA, this officer
began to inform the inmAte's who lived
in the housing unit that i WAS cut
In the fAce becAuse i WAS A child
molester this flAse informAtion put out by
this officer hAs Also occured prior
to this incident inwhich WAS reported to
the defendAnt's however on June 21. 2016
While At the officer's Desk stAtion

10

I WAS APPROCH by A inmate Who yell out
AT ME WHATS UP childmolester A fight
Took Place between my self And This
inmate Then A second inmate entered
The fight And began To repeatedly hit me
in the head with officer's Desk station
Phone Where i received serious head injuries
And still suffer serious head Aches To date

on Febuary 22, 2019, Upon being removed
from suicide watch i WAS Placed in
the housing unit H-1 Upon entering
the unit C.O. CHAPUT WAS Working
the officer's Desk station i WAS Told
my cell 24 While in this cell i WAS
Approch by And inmate who immediately
Attack And Assaulted me While in this
cell Upon noticing this inmate it
WAS the same inmate Who ive had
Prior Problems with While in H-1
I received serious bodily injuries
To the left of my head the Temple
Area Where there WAS swelling Also
fractured Left hand i WAS seen
By the nurses but not Treated for
my injuries nor Provided And X RAY
for my Left And Right hand

Upon returning to this same housing on Febuary 6, 2019, i was inform by And thon Doe inmate that prior to me coming to that housing unit C.O. Chaput was telling inmates that child molester is coming to the block which is why i was Attack and Assaulted in the cell 29 Also following the Assault the officers response team rush into the unit And removed me

From the housing unit while being Escorted out of the unit And into the hallway Area i was slam into the wall by these officers And then the handcuff's was placed very tightly on both wrist Upon looking Behind my back to see who was taking to the Hospital service unit And had placed the handcuffs so tight that was cutting into my wrist And who was Bending my wrist i notice it was C.O. Davi And officer who i've repeatedly made complaints Against for staff misconduct Along with his fellow officer Bordue Who Also held the handcuffs very tightly

12

Upon the removal of the handcuffs
I notice cuts to my both wrist
Bleeding and a numbness and
Tingling feeling in both wrist i
am suffering from the injuries
And not been treated medically
seen and examined by nurse but not
Treated nore seen by the Doctor
As i requested on many occasions

On January 10, 2019 at around Ten am
I was call to the officers desk
station by C.O. Davui to review my
six part folder by CPO prior to going
into the med room to meet with
this C.P.O. C.O. Davui told me i had
to be search upon me submitting
to the search during the search i
notice and felt C.O. Davui touch and
squeeze my butt at first i did
not think and make anything of it
untill prior to me going into the
Room i stop and look at this c.o.
who said so what nobody is going
to do nothing or believe you i then
Went into the room to review my files
Leading up to this incident ive made many
complaints against this officer Davui

13

The Plaintiff is Also seeking Monetary Damages for the denial of medical care And Treatment that is being denied in A on going concerted And Systematic effort by the Medical Personal who Has sought to not Treat the Plaintiff injuries upon his filing of complaints the Plaintiff has And is still experiencing on going Retalitory Actions being inflicted upon him by the defendant's And fellow officers not named in this lawsuit because of

The Plaintiff complaints of Staff Misconduct, which has only gotten worst because of this lawsuit And the Filed Grievance's the defendant's has been made Aware of All these issue's either by the Plaintiff or by his Attorney most of the issue's raised was Ignored After being brought to there Attention Also the C.O.'s At

S.B.C.C. And the defendant's has Access cori Information About the Plaintiff And every inmate in the prison And the cori information is used As A weapon

14

## DAmAges

Mr. PAce hAS been RepeAteDly ASSAulTeD while housed WiTh insufficienT CAre And SuPerVision officer's who WiTh Recless DisRegArd for Mr. PAce well being by spreading fAlse And mAlicious informATion To inmATe's ThAT informATion did inciTe Those inmATe's To PhysicAlly ASSAulT Mr. PAce who suffered PermAnent InJuries he hAs suffered exTreme EmoTionAl TurMoil, emoTionAl discomforT And PhysicAl Violence from The inAdequATe CAre And ProTecTion of The DefendAnTs

By fAiling To TrAin And SuperVise CorrecTionAl officers by fAiling To implemenT And enforce effecTive Policies And Procedures, The DefendAnTs hAVe VioAATed Their duTies To ProTecT inmATe's in Their cusTody from unreAsonAble risk of PhysicAl InJury AT The hAnd's of other inmATes

AS A direcT And ProximATe resulT of defendAnT ConducT And The Policy of PrAcTice of The D.o.c. Mr. PAce suffered The severe And

15

Permanent injuries as described And has Been forced to endure mental suffering And was deprived of his right to be secure in his Person And free from the imposition of cruel And unusual Punishment

16

Defendant's knew or should have known
that their deliberate actions was going
to cause harm to Plaintiff

As a direct and proximate result of their
act's as aforesaid Plaintiff has suffered
severe emotional distress manifested by
Physical permanent injury, Physical Symptomology
which a reasonable person would have suffered
under the circumstance's

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request
that this court

a) Enter Judgement for the Plaintiff and against
the Defendant's on all count's of this complaint

b) Award Plaintiff compensatory damages, for
mental anguish, mental stress, the Plaintiff
will forever need mental health counseling.
Also Plastic surgery to remove scars

c) Award Plaintiff Punitive damages

d) Enter a Preliminary and permanent
injunction requiring the Defendant's
their Agents, subordinates, Employees
and other's acting in concert with
them to cease their unconstitutional

17

And Unlawful Practices To remedy
their Violation of the constitutional
Laws

F) Award The Plaintiff reasonable cost
And Attorney's Fee's Pursuant To 42 U.S.C.
1988

G) And Grant such other relief As the
Deems Just And proper

JuryDemand
A Jury Trial is hereby demanded

Respectfully submitted
Mr. Andre Place, Pro-se,
SouzABAranowSKi
P.O.Box 8000, Shirley
MA 01464

MR. PACe hAS EXhAuSTed His AdMiniSTRATive
Remedies

MR. PACe Filed grievance's on All The issues
ThAT is STATed in This civi complAini
Some which wAS ignored by The
GrievAnce DepARTment in which MR. PACe
SoughT The AssiSTAnce of his
ATTorney MR. AdAms To Address my
ComplAint's To The SUPerinTenDAnT
MR. SilVA, Also The Commissioner
MR. TUrco, Also For The deliberATe

FAilure To AnSwer GrievAnce's MR. PACe
hAS RePeATedly soughT ouT The
Director of GrievAnce MS. KAie SilVA
Upon The DefenDAnTs becoming
AwAre MR. PACe wAS Filing A
Civil complAint The defenDAnT hAs

ACTed in A on going concerTed And
SySTemATic efforT To impede, deprive
And deny MR. PAce ComplAims To mAke
MR. PAce dismiss in courT For FAilure
To exhAUST AdminiSTRATive remedies
MR. PACe hAS SUFicienTly mAde The
DefenDAnT'S AwAre of The issue's in civil compiAinT

3 Pages
Pg 1

## Count 1
### Violation of the Eight And Fourteenth Amendments of the United States Constitution
### Cruel And Unusual Punishment
### (42 U.S.C. 1983)

As if set forth fully herein Defendants with gross negligence or deliberate Indifference And under color of state law Have Permitted, encouraged, Tolerated And Ratified A Pattern And Practice of Unjustified Unreasonable And illegal conditions of Confinement that Constituted cruel And Unusual Punishment.

The Actions of the Defendant's deprive's And continue's To deprive's Mr. Pace of his right To be free from cruel And Punishment As secured by The Eight, And Fourteenth Amendment's To The United States constitution And 42 U.S.C. 1983 By ignoring Mr. Pace concerns for his safety Because of the Defendant's recless Disregard for the Plaintiff well being that Attributed by the defendant's in Violation of the Plaintiff constitutional rights

20f3

Defendant's conduct And The Policy or
Practice of The Doc Mr. Pace Suffered the
severe And permanent injuries As described
And has been Force To endure Mental
Anguish And stress And continue To suffer.
The Plaintiff was deprived of his Right
To be secure in his Person And Free
From the imposition of cruel And
Unusual Punishment

Count II

Violation of Article 1, of the Massachusetts
Declaration of Rights cruel And unusal
Punishment (M.G.L. ch 12 11I)

As if set forth fully herein. Defendant's
under color of state law have deprived And
continue's To deprive Mr. Pace of his right's
To be free from cruel And unusal Punishment
His right to be free from cruel And
unusal Punishment As secured by
Article XXVI of The Massachusetts
Declaration of Rights And
M.G.L. ch. 12 11I, by ignoring Mr. Pace
safety concerns And subjecting him
To dangerously violent conditions of

3 of 3

Confinement And by Exhibiting Reckless Disregard for Mr. Pace Wellbeing To the deliberate indifference To Plaintiff substantial risk of serious Physical Injury As A result of these conditions

Defendants have long been Aware of the consequences of the conditions of confinement for inmates convicted of sex offense's through meetings correspondence, hearings Prison Legal service's, Attorney's, Complaint's, And other means but have failed to make reasonable corrective Actions As A direct And Proximate result of Defendant's conduct And the Policy or Practice of the Doc. Mr. Pace suffered injuries As Described

2 Pages
1 of 2

## COUNT III

The Plaintiff hereby As if fully set forth Herein

The Defendant's owed the Plaintiff A Duty of care.

Based upon Defendant's Acts And omissions As Aforesaid the Defendant's Violated the duty of care owed to the Plaintiff

The Plaintiff has suffered damages As A of the same.

## COUNT IV

Deliberate infliction of Emotional Distress

The Plaintiff hereby Already set forth Herein

Defendant's had direct Knowledge And Warning officer's posed A potential Threat to the safety And well being of Plaintiff's yet did not take Action to stop the these officers from the Abuse And Misuse of CORi information, that permitted physical Assault Against Plaintiff by inciting inmates with False And Malicious information to cause harm

And subjecting dangerously violent conditions
of confinement created by the defendants
with recless disregard for the Plaintiff
Well being with deliberate indifference the
Defendant actions did create substantial
Risk of serious Physical injury that did
Attributed Mr. Pace being Attack And suffer
ing serious Permanent injuries The Defendants
Have long been Aware by Prior incidents,
complaints, correnspondence The consequenc
es of these conditions of confinement
of intimidation, threats, Assault's the
Defendants have failed to take the
Reasonable corrective Actions And have

Been grossly negligent or deliberate indifferent
the Defendant failed to implement And enforce
effective Policies And Procedures Governing
the Defendants, And officer's, Access to
CORI information, And the Misuse And
Abuse of said information The Defendants
Have violated both State And Federal
Laws in doing so the Defendants have violated
their duties to Protect inmate's in their
custody from unreasonable risk of Physical
Injury At the hands of other inmates
As A direct And Proximate result of

Pg 1

COUNT V

Violation of the American's With Disabilitie's
ACT 42 U.S.C. 12101, et. seg

PlAinTIFF is a QUAlified individUAl with disAbilities
As defined in the AmericAns With disAbilities
ACT ("ADA) Since 2009. PlAinTIFF hAS been held
In CUSTODY of defendAnt's. he hAS MentAl iMPAirMents
THAT SUBSTAntiAlly liMit one or more MAJor life ActivIT
ies, including but not liMited To thinking concentrAting
And interActing With others And controling his
BehAvior As A STATE prisoner, PlAinTIFF MEETS
the essentiAl eligibility requireMents for the recipt
of service's or the PARTicipAtion in progrAMs or ACTivities
provided by defendAnt DOC. 42 U.S.C. 12102 (2)42U.S.C
12131 (2)

DefendAnt Doc is A public entity As defined under
Title of the ADA, 42 U. S. C. 12131 (B)

The DefendAnt Doc's fAilure To provide individUAlized
AssessMent's of the MentAl heAlth need And TreAtMent
Requirement's of prisoner's With MentAl illness, like And
By fAiling To provide Mr.PAce With A suitAble housing
SitUAtion And insteAd PlAcing Mr.PAce in disciplinary
Segregation Mr.PACe is left lArgely untreAted And unsupervise
And denied benefit's of the fAcility With services
progrAMs And ACTivities

2 PAges
Pg 1

COUNT VI
Negligence

The Plaintiff hereby repeat And re Alleges Above As if
Fully set forth herein

The Defendant's owed the Plaintiff A duty of
care.

Based upon Defendant's Act's And omissions As
Afore said the Defendant's breached the duty of
Care owed To the Plaintiff

The Plaintiff has suffered damages As A result of
the same.

COUNT VII
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
The Plaintiff hereby re-Alleges Above As if fully set
forth herein.

Defendant's had a reasonable basis to know that the
misuse And Abuse of CORI information by the said
correctional officer's mention in this civil Action posed A
potential threat to the safety And well being of Plaintiff
Yet did not Take Action To protect Plaintiff
from Assault And Injury

Defendant negligently permitted sexual Assault of
Abuse Against Plaintiff

2 of 2

Defendant's knew or should have known that their negligence was reasonably likely to cause harm to Plaintiff.

As a direct and proximate result of their action and omission's aforesaid Plaintiff has suffered severe emotional distress, manifested by physical symptomatology, which a reasonable person would have suffered under the circumstances