UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10653-RGS

ANDRE PACE

v.

MASSACHUSETTS DEPARTMENT OF CORRECTION, et al.

ORDER

July 15, 2019

STEARNS, D.J.

For the reasons stated below, the court will (1) grant the plaintiff's motion for leave to proceed *in forma pauperis*; (2) order that certain claims and defendants be dismissed; (3) order that summonses issue for seven defendants; and (4) deny without prejudice the plaintiff's motion for appointment of counsel.

BACKGROUND

On April 4, 2019, *pro se* litigant, Andre Pace, who is incarcerated at the Souza-Baranowski Correctional Center ("SBCC") filed a complaint, a motion for leave to proceed *in forma pauperis*, and a motion for the appointment of counsel. In this preliminary review of the complaint, the

court accepts, as it must, the veracity of all well-pleaded facts and draws all inferences in favor of Pace.

In 2009, Pace was convicted of a sexual offense, but it was not for child molestation. On various occasions in 2016 and 2019, four correction officers at SBCC falsely informed other inmates that Pace is a child molester. The officers broadcasted the falsehood knowing, and even with the intent, that the announcement would prompt inmates to physically assault Pace. Pace indeed was physically attacked by inmates who stated they didn't like child molesters and who threatened to kill him. At one point, a response team of correctional officers quickly removed Pace from a housing unit where he was being assaulted by inmates. During this operation, two correction officers used excessive force against him. On another occasion, one of the correction officers involved in the use of excessive force against conducted a search of Pace, during which the correction officer inappropriately squeezed Pace's buttocks.

The Complaint is in seven counts. Count I is a claim under 42 U.S.C. § 1983 ("§ 1983") for the violation of Pace's rights under the Eighth and Fourteenth amendments. *See* Compl. at 19. Count II is a claim under the Massachusetts Civil Rights Act, M.G.L. ch. 12, §§ 11H, 11I ("MCRA") for violating the prohibition in Article 26 of the Massachusetts Constitution

2

against cruel or unusual punishment. *See* Compl. at 20-21. In Count III, Pace alleges that the defendants violated their duty of care to him. *See id.* at 22. Counts IV, VI, and VII assert claims for the deliberate infliction of emotional distress, negligence, and the negligent infliction of emotional distress. *See id.* at 22-23, 25-26. Count V is a claim under Title II of the Americans with Disabilities Act ("ADA"). *See id.* at 24.

Pace names the following defendants: the Massachusetts Department of Correction ("DOC"); DOC Commissioner Carol Mici; former DOC Commissioner Thomas Turco; SBCC Superintendent Steven Kenneway; former SBCC Superintendent Steven Silva; and, Correction Officers Slamoan, Vallade, Mashakca, Boiduc, Davui, and Chaput. All of the individual defendants are sued in their individual and official capacities. With the exception of the ADA claim in Count V, Pace refers collectively to "Defendants" in all the Counts.

DISCUSSION

I. Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Pace's Motion for Leave to Proceed *in Forma Pauperis,* the court concludes that Pace is without income or assets to prepay the filing fee. The court will grant the motion and, pursuant to 28 U.S.C. § 1915(b)(1),

assess an initial partial filing fee of $5.34. The remainder of the fee, $344.66, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

II. Review of the Complaint

Summonses have not issued pending the court's preliminary review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. These statutes authorize a federal court to dismiss an *in forma pauperis* or prisoner complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). In conducting this review, the court liberally construes the Complaint because Pace is proceeding *pro se. See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A. Eleventh Amendment Immunity

The Eleventh Amendment of the United States Constitution generally is recognized as a bar to suits in federal courts against a State, its departments and its agencies, and its employees acting in their official capacities unless the State has consented to suit or Congress has overridden the State's immunity. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984); *Alabama v.*

4

*Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007).

Here, with the exception of claim under Title II of the ADA, the Court cannot discern any claim for relief against the DOC or its employees acting in their official capacities for which the Commonwealth of Massachusetts has waived its immunity or Congress has overridden it. Moreover, a state, its departments or agencies, and its employees acting in an official capacity are not "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991). Therefore, the court will dismiss with prejudice the § 1983 claims and state tort claims against the DOC and the individual defendants acting in their official capacities.

B. Count I: § 1983 Claims

1. Pleading Requirements for § 1983 Claims

To state a claim upon which relief can be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that a complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must provide a defendant "enough detail to provide a defendant with 'fair notice

5

of what the . . . claim is and the grounds upon which it rests,'" *Silverstrand Invs. v. AMAG Pharm., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original), or, in other words, the statement of the claim "must 'at least set forth minimal facts as to who did what to whom, when, where, and why,'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004)). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Section 1983 provides a right of action against a person acting under color of state law who violated the plaintiff's federal constitutional rights. See 42 U.S.C. § 1983. In the context of a claim under 42 U.S.C. § 1983, "only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable." *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005). In other words, a commissioner, superintendent, or other supervisory employer cannot be held liable under § 1983 based solely on the misconduct of a subordinate; the supervisor must have had some form of direct involvement in the alleged misconduct. *See id.*; *Feliciano-Hernandez v. Pereira-Castillo*, 663 F.3d 527, 536 (1st Cir. 2011) ("[N]ot

6

every official who is aware of a problem exhibits deliberate indifference by failing to resolve it." (internal quotation marks omitted)); *Bonner v. Outlaw*, 552 F.3d 673, 679 (8th Cir. 2009) ("[A] warden's general responsibility for supervising a prison is insufficient to establish personal liability."). A supervisor's direct involvement includes "personally participating in the constitutional violation, direct[ing] their subordinates to act unlawfully, or know[ing] their subordinates will act unlawfully but fail to stop them." *Bowens v. Superintendent of Miami S. Beach Police Dep't*, 557 Fed. App'x 857, 861 (11th Cir. 2014).[1] Thus, to state a viable § 1983 claim, the specific factual content required by Rule 8(a)(2) must not only identify, in a non-conclusory fashion, the wrongful conduct of a defendant, but it must also permit the court to reasonably infer that the defendant was directly involved in a constitutional violation.

      2.     Section 1983 Claims Against the Correction Officers

Here, Pace has made specific factual allegations of misconduct by Correction Officers Slamoan, Vallade, Mashakca, Boiduc, Davui, and

---

[1] *See also, e.g.*, *Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998) ("If the warden were aware of 'a systematic lapse in enforcement' of a policy critical to ensuring inmate safety, his 'failure to enforce the policy' could violate the Eighth Amendment." (quoting *Goka v. Bobbitt*, 862 F.2d 646, 652 (7th Cir. 1988))).

Chaput. For purposes of this preliminary review of the complaint, the court finds that Pace has adequately pled § 1983 claims against these defendants.

### 3. Section 1983 Claims Against the Supervisory Officials

Pace also seeks to bring § 1983 claims against current and former DOC commissioners and SBCC superintendents. Without identifying these supervisory officials by name, Pace alleges that alleges that he made unspecified "complaints of staff misconduct," and that "Defendant's have been made aware of all these issue's [sic]" by himself or through his attorney. Compl. at 13. He further claims that his situation has only got worse since he has made these complaints. *See id.* Elsewhere in the complaint, Pace asserts that, "[b]y failing to train and supervise correctional officers [and] by failing to implement and enforce effective policies and procedures, the Defendants have violated their duties to protect inmate's in their custody from unreasonably risk of physical injury at the hand's of other inmates [sic]." *Id.* at 14. Under the heading "Mr. Pace Has Exhausted His Administrative Remedies," Pace claims that he filed grievances on all the issues raised in the complaint, some of which were "ignored" by the "grievance department." *Id.* at 18. Pace represents that he sought the assistance of his attorney "to address [his] complaint's [sic]" to Superintendent Silva and Commissioner Turco." *Id.*

These allegations do not contain sufficient factual material from which the court can reasonably infer that the present and past commissioners and superintendents named in this action were personally involved in the constitutional violations committed by their subordinates. Even assuming that a supervisory official with actual knowledge of the unconstitutional conduct of a subordinate can be liable under § 1983 for failing to prevent a subsequent unconstitutional act by the subordinate, Pace has not adequately pled facts to support this theory of liability. Pace does not identify the dates or contents of these communications, the parties to these communications, and any response to these communications. Further, a general allegation of an official's failure to train and supervise subordinates does not permit an inference of personal involvement.

Accordingly, the court will dismiss without prejudice the § 1983 claims against Mici, Turco, Kenneway, and Silva.

C. Count II: Massachusetts Civil Rights Act

To plead a claim under the Massachusetts civil Rights Act, a plaintiff must allege that (1) the defendant has interfered or attempted to interfere with the plaintiff's exercise or employment of rights secured under federal or state law; and (2) said interference, or attempted interference, was by

"threats, intimidation or coercion." M.G.L. ch. 12, § 11H; *see also* M.G.L. ch. 12, § 11I (providing private right of action).

Pace claims that the "Defendants" are liable under MCRA because they violated the prohibition in Article 26 of the Massachusetts Constitution against cruel or unusual punishment. Here, Pace's MCRA claims against Mici, Turco, Kenneway, and Silva are inadequate because he does not allege facts from which the court may reasonably infer that these supervisory officials employed threats, intimidation, or coercion in an attempt to interfere with his rights. The court will therefore dismiss the MCRA claims against these four defendants.

### D. Counts III, IV, VI, VII: Common Law Tort Claims

In Count III, Pace alleges that the defendants violated their duty of care to him. Counts VI and VII assert claims negligence, and the negligent infliction of emotional distress. All of these claims must be brought under the Massachusetts Tort Claims Act. Except for Pace's claim of intentional infliction of emotional distress in Count IV, the MTCA provides the exclusive remedy for injury caused by a public employee acting within the scope of his or her office or employment. *See* M.G.L. ch. 258, § 2.

An action under the MTCA must be brought against the public employer, which would be the DOC in this case. Prior to instigating the

action in court, the plaintiff must have presented "his claim in writing to the executive officer of such public employer" and the claim must have been denied. M.G.L. ch. 258, § 4. Pace does not allege that he has complied with this present requirement. In addition, unless the DOC waives its Eleventh Amendment immunity, it is not subject to an MTCA suit in federal court. *See Irwin v. Comm'r of Dep't of Youth Servs.*, 388 Mass. 810, 821 (1983).

The MTCA does not apply to a claim for the intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, a plaintiff must allege, *inter alia*, facts from which it can reasonably inferred that the defendant's conduct was "extreme and outrageous." *Foley v. Polaroid Corp.*, 400 Mass. 82, 99 (1987). As noted above, Pace has failed to allege facts from which the court can reasonably infer that the supervisory officials (Mici, Turco, Kenneway, Silva), were directly involved in the constitutional violations. For the same reason, he has failed to allege extreme and outrageous conduct by these defendants.

III. Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). To qualify for

appointment of counsel, exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  *See id.*

Here, because summonses have not issued and the defendants have not been served with the complaint, the court cannot yet determine whether this case presents exceptional circumstances that would justify the appointment of *pro bono* counsel.  Therefore, the court will deny the motion for appointment of counsel without prejudice.

## ORDER

For the foregoing reasons:

1. The motion for leave to proceed *in forma pauperis*, Dkt #2, is granted.  Pursuant to 28 U.S.C. § 1915(b)(1), the court assesses an initial partial filing fee of $5.34.  The remainder of the fee, $344.66, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The clerk shall send a copy of this order to the treasurer of the institution having custody of Pace.

2. With the exception of Count V (ADA claim), all claims against the DOC are DISMISSED with prejudice.

3. All claims against the individual defendants acting in their official capacities are DISMISSED with prejudice.

4. All § 1983, MCRA, and intentional infliction of emotional distress claims against Turco, Mici, Silva, and Kenneway are DISMISSED without prejudice.

5. The claims for breach of the duty of care, negligence, and negligent infliction of emotional distress are DISMISSED without prejudice.

6. The following claims shall go forward at this time:

    a. Count I (§ 1983): claims against individual defendants acting in their individual capacity except for claims against Turco, Mici, Silva, and Kenneway.

    b. Count II (MCRA): claims against individual defendants acting in their individual capacity except for claims against Turco, Mici, Silva, and Kenneway.

    c. Count IV (intentional infliction of emotional distress): claims against individual defendants acting in their individual capacity except for claims against Turco, Mici, Silva, and Kenneway.

    d. Count V (ADA): claim against the DOC.

7. The motion for appointment of counsel, Dkt #4, is DENIED without prejudice.

8. Summonses shall issue as to all defendants except Turco, Mici, Silva, and Kenneway. Pace shall serve the summonses, complaint, and this

Order upon the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

9. Because Pace is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If so asked by Pace, the USMS shall serve a copy of the summonses, complaint, and this Order upon the defendants as directed by plaintiff. Pace is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served. The clerk shall provide Pace with forms and instructions for service by the USMS.

10. Pace must complete service within 90 days from the date of the issuance of the summonses. Failure to comply with this deadline may result in dismissal of this action without further notice to the plaintiff. *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE