UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10653-RGS

ANDRE PACE

v.

DEPARTMENT OF CORRECTIONS, et al.

SUPPLEMENTAL ORDER ON
DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT

September 9, 2024

STEARNS, D.J.

On March 24, 2021, this court allowed defendants' motion for summary judgment, excepting only plaintiff Andre Pace's Eighth Amendment cruel and unusual punishment claims against corrections officers Justin Salamone, Christopher J. Mascharka, Jason J. Chaput, and Matthew H. Valade (Counts I and II). *See* Dkt #138. Having set a trial date and obtained Pace pro bono trial counsel, the court permitted new counsel's requests to reopen discovery to enable him to make several particularized document requests and to depose the four remaining defendants. *See* Dkt #172, #175. Less than three months prior to the thrice-extended trial date, Pace discharged his counsel and began filing a plethora of discovery and requests for new counsel motions. On May 15, 2023, in ruling on one of

Pace's requests, the court found that on the developed record (including the court's independent review of all cited and uncited sealed documents), there was "no likelihood that Pace would succeed on the merits of his Eighth Amendment and MCRA claims, [so] the critical test for the appointment of counsel at public expense is not met." Dkt #216.  With discovery having been extended several times and long since concluded, and only the prospect of a trial remaining, the court found it "plainly evident that there is no plausible cure for the absence of a factual foundation undergirding the remaining [cruel and unusual punishment] claims of the Complaint," and dismissed Pace's case.

Pace appealed the dismissal.  On April 16, 2024, the Court of Appeals issued a three-page memorandum decision acknowledging this court's authority to enter summary judgment *sua sponte*, but concluding that the court had "erred by not giving Pace notice of the grounds on which it was considering summary judgment in the appellees' favor and an opportunity both to respond to the evidence submitted by the appellees and to present evidence of his own." Dkt #223.  The Circuit Court remanded the case with the directive that before reconsidering summary judgment, this court also "reconsider Pace's request for recruitment of pro bono counsel under 28 U.S.C. § 1915(e)(1)." Dkt # 223 at 3.

After the remand, the court enlisted the District Court's pro se staff to post Pace's case to its pro bono counsel lists and set a schedule for Pace and the defendant corrections officers to supplement the record for purposes of reconsidering the dispositive motion. In July of 2024, the court ruled on several of Pace's pro se motions, including a motion to extend the scheduling order. The court also advised Pace that it had been unable to recruit pro bono counsel willing to accept his case. The court extended the time for Pace to supplement the record from July 8, 2024, to July 26, 2024, affording defendants an opportunity to reply to any supplementation that Pace may file by August 12, 2024. See Dkt #230, #234, #240, #241.

As to date (the deadline having long expired),the parties having chosen not to file any further briefing or supplementation of the record, the court on reconsideration reaffirms its earlier ruling that there is insufficient material evidence in the record to permit Pace to take his cruel and unusual punishment claims to a jury.

An Eighth Amendment claim of cruel and inhumane conditions of confinement depends on proof of two elements; one objective, and the other subjective. *Staples v. Gerry*, 923 F.3d 7, 13 (1st Cir. 2019). First, "the deprivation alleged must be, objectively, 'sufficiently serious,' . . . [and] must result in the denial of 'the minimal civilized measure of life's necessities.'"

3

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Second, a plaintiff must prove deliberate indifference on the part of prison officials.  *See Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991). "In order to establish deliberate indifference, the complainant must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. . . .  While this mental state can aptly be described as 'recklessness,' it is recklessness not in the tort-law sense but in the appreciably stricter criminal-law sense, requiring actual knowledge of impending harm, easily preventable." *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991).  [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838.

Pace has offered no admissible evidence that the defendants have circulated rumors among his prison population that he is a convicted child molester.  When deposed, Pace made only a passing reference to defendants Salamone and Duvall spreading such rumors without any specifics as to time, place, or content, or whether stated in Pace's presence or that of others.  *See* Dkt # 105-2, at 41, 111-112.  In their sworn depositions, each of the corrections officers deny Pace's accusations.  Pace, in other words, is unable to satisfy the preponderance of the evidence burden that attaches to him at

trial to prove each of the defendants' culpable state of mind and intent to wantonly inflict pain on him.[1]

## ORDER

For the foregoing reasons, defendants' Motion for Summary Judgment on the remaining cruel and unusual punishment claims (Counts I and II) is ALLOWED. The Clerk will enter judgment for defendants Justin Salamone, Christopher J. Mascharka, Jason J. Chaput, and Matthew H. Valade, and close this case.

SO ORDERED.

/s/ Richard G Stearns
UNITED STATES DISTRICT JUDGE

---

[1] Given this determination, the court need not address whether Pace can demonstrate that when considered objectively his conditions of confinement have resulted in a deprivation of "'the minimal civilized measure of life's necessities."